ANNA NELSON, NO. 12606
MORGAN, MINNOCK, RICE & MINER, L.C.
Kearns Building, Eighth Floor
136 South Main Street
Salt Lake City, Utah 84101
Telephone No.: (801) 531-7888
Facsimile No.: (801) 531-9732
E-mail: anelson@mmrm.com

*Attorney for Plaintiff Owners Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SARATOGA SPRINGS OWNERS ASSOCIATION, INC.,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br>Civil No. 2:18-cv-00170-DN<br><br>Judge David Nuffer |

Plaintiff, Owners Insurance Company, by and through its Counsel of record, hereby seeks declaratory relief pursuant to Title 28, Chapter 151, Section 2201 of the United States Code, the Federal Declaratory Judgment Act, and alleges as follows:

**PARTIES**

1. Plaintiff Owners Insurance Company is a Michigan corporation with its principal place of business in the State of Michigan and is authorized to do business in the State of Utah.

2. Defendant Saratoga Springs Owners Association, Inc., ("SSOA") is a Utah corporation with its principal place of business in Saratoga Springs, Utah.

## JURISDICTION

3. This Court has jurisdiction over the Parties and subject matter of this litigation pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and more than $75,000 in controversy.

4. The insurance contract at issue was negotiated, obtained, and to be performed within Utah County, Utah, and the events giving rise to this declaratory action occurred in Utah County, State of Utah.

5. The alleged acts giving rise to this suit all occurred within the District of Utah. For that reason, and because Defendant is domiciled in Utah, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

6. The United States of America has brought suit against the SSOA and Cross Marine Projects, Inc., alleging violations of the Clean Water Act in case number 2:17-cv-01244-DAK, currently pending in this district ("The Federal Complaint"). *Complaint of the United States of America*, attached hereto as Exhibit "A."

7. The Federal Complaint alleges that the SSOA discharged pollutants into United States waters in violation of the United States Code and the Code of Federal Regulations when it discharged dredged or fill materials into Utah Lake and/or adjacent wetlands. *Id*.

8. The Federal Complaint further alleges that the unlawful discharge of fill materials occurred between September 2013 and February 2014. *Id*. at ¶ 22.

9. All of claims in The Federal Complaint against the SSOA are based on the provisions of the Clean Water Act, and more specifically on violations of section 301(a), 33 U.S.C. § 1311(a). *Id*.

10. The Federal Complaint is seeking: a permanent injunction prohibiting further discharge of dredged materials; an injunction requiring the SSOA and other defendant to restore the site and/or perform off-site mitigation; and the payment of millions of dollars in civil penalties. *Id*.

11. SSOA has notified Owners Insurance Company that it intends to seek insurance coverage in connection with The Federal Complaint against it under a policy of insurance issued by Owners Insurance Company.

12. The policy of insurance under which SSOA is seeking coverage (the "Policy") is Policy number 134643-57064681-13, which Owners Insurance Company issued to SSOA with a policy period of July 7, 2013 to July 7, 2014.

13. That Policy provides Commercial Property Coverage with various limits for property damage, and Commercial General Liability Coverage with $2,000,000 limits per occurrence.

14. The Policy does not provide coverage for the violations of law alleged in The Federal Complaint, or for the kind of damages sought from SSOA in that complaint.

15. Specifically, the Commercial General Liability Coverage Form contains the following exclusions:

**f. Pollution**

    **(1)**    "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

        (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. . . .

        (b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste.

        (c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

            (i) Any insured; or

            (ii) Any person or organization for whom you may be legally responsible;

        (d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to: . . .

    **(2)**    Any loss, cost or expense arising out or any:

    **(a)**    Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

    **(b)**    Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

16. The policy also contains a Building and Personal Property Coverage Form, which provides coverage "for direct physical loss of or damage to Covered Property at the premises described in the declarations caused by or resulting from any Covered Cause of Loss." *Id*., form CP 00 10 10 91 at 1.

17. That coverage includes Pollutant Clean Up and Removal, only if the pollution "is caused by or results from a Covered Cause of Loss that occurs during the policy period." *Id*. endorsement form 54197 (6-00).

18. Form 54082 (2-05) defines what is a "Covered Cause of Loss" to be "RISKS OF DIRECT PHYSICAL LOSS," unless the loss is excluded or limited by the form. *Id*. at form 54082 (2-05).

19. Form 54082 (2-05) contains the following exclusions:

    **B.**    **EXCLUSIONS**

        **1.**    We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

      **a.**    **Ordinance or Law**

            The enforcement of any ordinance or law:

            **(1)**    Regulating the construction, use or repair of any property; or

            **(2)**    Requiring the tearing down of any property, including the cost of removing its debris.

            . . .

    **2.**    We will not pay for loss or damage caused by or resulting from any of the following:

      . . .

      **l.**    Discharge dispersal, seepage, migration, release or escape of "pollutants" unless the discharge, dispersal, seepage, migration, release or escape is itself caused by any of the "specified causes of loss."  But if loss or damage by the "specified causes of loss" results, we will pay for the resulting damage caused by the "specified causes of loss."

The policy defines "Specified Causes of Loss" as:

Fire; lightning, explosion; windstorm or hail; smoke, aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire extinguishing equipment; sinkhole collapse; volcanic action; falling objects; weight of ice and snow, ice or sleet; water damage.

*Id*.

20. The Federal Complaint alleges the intentional discharge of pollutants, not caused by a "Specified Cause of Loss," as defined in the insurance policy.

21. The Federal Complaint is a claim or suit "by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing," or otherwise responding to the effects of pollution.

22. The Federal Complaint's allegations are not covered by the Policy issued to SSOA pursuant to the terms, conditions, and exclusions of that Policy.

23. Because there is no coverage for the Federal Complaint's allegations under the terms of the Policy, Owners Insurance Company has no duty to defend or indemnify SSOA from the allegations and claims made in the Federal Complaint.

24. A justiciable controversy exists as to whether the Policy provides coverage to SSOA for any liability or damages arising from the allegations of the Federal Complaint, and therefore Owners Insurance Company requests that this Court exercise its jurisdiction under 28 U.S.C. § 2201, to adjudicate and declare Owners Insurance Company's obligations under the Policy.

## **PRAYER FOR RELIEF**

Wherefore, Owners Insurance Company prays for judgment against Defendant Saratoga Springs Owners Association, Inc., and an adjudication and declaration from this Court:

1. That the Policy does not provide coverage for claims made against Defendant by the United States of America in the action currently pending in Case Number 2:17-cv-01244-DAK.

2. That Owners Insurance Company is not obligated to defend or indemnify the Saratoga Springs Owners Association, Inc., with respect to The Federal Complaint.

3. That Owners Insurance Company is not obligated to defend or indemnify the Saratoga Springs Owners Association, Inc., against any claims made by any party in connection with its alleged violations of the Clean Water Act, including any cross-claims by other defendants to that action or any other claims of any nature based on alleged violations of the Clean Water Act.

4. For such other further relief as the Court deems necessary and just.

DATED this 23rd day of February, 2018.

        MORGAN, MINNOCK, RICE & MINER, L.C.

        */s/ Anna Nelson*_____
        Anna Nelson
        *Attorney for Plaintiff Owners Insurance Company*

Plaintiff's Address:
6101 ANACAPRI BLVD.
LANSING, MI 48917-3999